UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
FLORIDA

| | | |
|---|---|---|
| NOREKIS RUSSIAN JAIMES, | § § § | |
| Plaintiff, | § § | CASE No.: 0:1-CV-61124 |
| vs | § § | |
| MEXZICAN TAQUERIA LLC and ZE CARLOS JIMENEZ | § § § | TRIAL BY JURY REQUESTED |
| Defendants. | § § | |

## COMPLAINT

Plaintiff, NOREKIS RUSSIAN JAIMES, hereby sues the Defendant, MEXZICAN TAQUERIA LLC and ZE CARLOS JIMENEZ individually, (collectively "Defendant"), and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover unpaid straight time/overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 USC §§201-219 (hereafter "FLSA").

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), and by 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over the Plaintiffs claims arising under state law pursuant to 28 U.S.C. §1367(a).

3. Venue of this action is established in this Court by 29 U.S.C. § 216(b) and by 28 U.S.C. §§ 1391(a)(1), (b) and (c). Alternatively, venue is appropriate because a

1

substantial part of the events or omissions giving rise to the claim occurred here. See 28 U.S.C § 1391(a)(2).

4. The unlawful employment practices were committed within the venue of this Court and the parties can be said to reside within the venue.

## PARTIES

5. Plaintiff, at all times material to this complaint, was an employee of Defendant and is a resident of Broward County Florida.

6. MEXZICAN TAQUERIA LLC is a corporation incorporated under the laws of Florida, with its principal place of business at 11401 PINES BLVD, SUITE 508 PEMBROKE PINES, FL 33026. Defendant does business within the Southern District of Florida. Defendant operates a restaurant, where Plaintiff was employed. Defendant is an enterprise engaged in an industry affecting commerce and is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r), 29 U.S.C. § 203(s), and 29 U.S.C. §203(d).

7. The Individual Defendant ZE CARLOS JIMENEZ, upon information and belief, resides in Miami-Dade County, Florida. At all times relevant to this Complaint, ZE CARLOS JIMENEZ was, and is now, the Director and/or owner of MEXZICAN TAQUERIA LLC. ZE CARLOS JIMENEZ was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that this individual defendant acted directly in the interests of MEXZICAN TAQUERIA LLC in relation to the employees of MEXZICAN TAQUERIA LLC, including Plaintiff. ZE CARLOS JIMENEZ had operational control of

MEXZICAN TAQUERIA LLC, provided Plaintiff with a work schedule, and is jointly liable for Plaintiff's damages.

8. Upon information and belief, at all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

9. Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(c).

## COUNT I-VIOLATION OF FLSA - OVERTIME

10. Plaintiff adopts and re-alleges paragraphs 1 through 8 above as if fully set forth herein.

11. Under 29 U.S.C. §207, employees covered by the FLSA are entitled to compensation for all hours worked, and overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, except as otherwise provided in such section.

12. Plaintiff, suffered and were permitted to work and did work in excess of 40 hours per workweek for Defendant without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which Plaintiff was employed.

13. The failure of Defendant to compensate Plaintiff at one and one-half times the regular rate for such excess hours is a violation of the FLSA. The violations by Defendant of the provisions of the FLSA were willful.

14. Defendant, therefore, is liable to Plaintiff, in the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorneys' fees, together with the costs and disbursements of this action.

15. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the applicable regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which the precise amount of Defendant's liability can be ascertained.

16. Upon information and belief, at all times relevant within the period three years prior to the filing of this Complaint, Defendant was aware of the provisions of the FLSA, as amended, 29 U.S.C. §201 *et seq.,* requiring payment of overtime compensation at the rate of time and one-half the regular rate to hourly employees working hours over 40 in a workweek plus the requirement to pay straight pay for all hours worked.

17. Specifically, Plaintiff is entitled to the unpaid overtime compensation for all hours in which she was not compensated, plus liquidated damages, costs, attorney fees, etc. from approximately January 2016 to November 2016.; i.e. Plaintiff worked 45-50 hours per week but was only paid straight time for overtime hours worked, which has been admitted to by Defendant.

**WHEREFORE**, Plaintiff request the Court to grant the following relief: (a) judgment declaring that Defendant violated Plaintiff's statutory rights and entitlement to be paid overtime as required by federal and state law; (b) an order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled to under the Fair Labor Standards Act; (c) judgment against Defendant awarding Plaintiff, monetary damages in the form of unpaid straight time compensation and unpaid overtime compensation and an additional amount as liquidated damages equal to the unpaid wages and overtime compensation pursuant to 29 U.S.C. §216(b), and post-

judgment interest; (d) reasonable attorneys' fees; (e) the costs and disbursements of this action; and (f) such other relief as this Court deems just and proper.

## COUNT II-VIOLATION OF FLSA – STRAIGHT TIME

18. Plaintiff adopts and re-alleges paragraphs 1 through 8 above as if fully set forth herein.

19. Under 29 U.S.C. §207, employees covered by the FLSA are entitled to compensation for all hours worked, and overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, except as otherwise provided in such section.

20. Plaintiff, suffered and were permitted to work for Defendant without receiving compensation for such hours at regular rate at which Plaintiff was employed.

21. The failure of Defendant to compensate Plaintiff is a violation of the FLSA. The violations by Defendant of the provisions of the FLSA were willful.

22. Defendant, therefore, is liable to Plaintiff, in the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorneys' fees, together with the costs and disbursements of this action.

23. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the applicable regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which the precise amount of Defendant's liability can be ascertained.

24. Upon information and belief, at all times relevant within the period three years prior to the filing of this Complaint, Defendant was aware of the provisions of the

FLSA, as amended, 29 U.S.C. §201 *et seq.,* requiring to pay straight pay for all hours worked.

25. Specifically, Plaintiff is entitled to the straight pay for all hours in which she was not compensated, plus liquidated damages, costs, attorney fees, etc. for her last pay check; $1,691.00 approximately.

**WHEREFORE**, Plaintiff request the Court to grant the following relief: (a) judgment declaring that Defendant violated Plaintiff's statutory rights and entitlement to be paid straight time as required by federal and state law; (b) an order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled to under the Fair Labor Standards Act; (c) judgment against Defendant awarding Plaintiff, monetary damages in the form of unpaid straight time compensation and unpaid overtime compensation and an additional amount as liquidated damages equal to the unpaid wages and overtime compensation pursuant to 29 U.S.C. §216(b), and post-judgment interest; (d) reasonable attorneys' fees; (e) the costs and disbursements of this action; and (f) such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

26. Plaintiff demands trial by jury as to all issues so triable as a matter of right.

DATED: June 3, 2017

Respectfully Submitted,
**/s/ Alberto Naranjo**
AN@ANLawFirm.com
www.anemploymentlaw.com
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016
Telephone: 305-942-8070
***ATTORNEYS FOR THE PLAINTIFF***